UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA


| GARY DANNA | CIVIL ACTION |
|---|---|
| VERSUS | NO: 11-0139-SSV-SS |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION | |

## REPORT AND RECOMMENDATION

The plaintiff, Gary Danna ("Danna"), seeks judicial review, pursuant to Section 405(g) of the Social Security Act (the "Act"), of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his request for waiver of recovery or adjustment of an overpayment of disability benefits.

## PROCEDURAL HISTORY

On April 7, 1993, Danna submitted an application for insurance benefits. R. 21-26. He was awarded benefits. R. 119. On Mach 28, 2007, he completed a work activity report at the request of the Commissioner. R. 50-58. On July 18, 2007, the Commissioner notified him that it appeared that: (1) his disability ended because of substantial work in October 1998: (2) he was not entitled to payments for January 1999 through December 2000; (3) he was not entitled to payments for January 2002 and thereafter; (4) it paid him $124,559.10 more than he was due in benefits; and (5) he must repay this sum by December 3, 2007. R. 60-63 and 67-72. On May 14, 2008, the Commissioner reduced the amount of the overpayment to $109,894.60. R. 87-88.

Danna requested a waiver for several reasons including the inability to pay. R. 73-86. On June 21, 2008, the Commissioner notified him that his disability ended October 1998 R. 95-99. On

January 8, 2009, there was hearing before an Administrative Law Judge ("ALJ"). R. 124-144. On February 24, 2009, the ALJ issued an unfavorable decision. R. 15-20. On November 30, 2010, the Appeals Council denied his request for review. R. 3-6. On January 21, 2011, he filed a complaint. Rec. doc. 1. The parties filed cross-motions for summary judgment. Rec. docs. 17 and 20. Danna is represented by counsel.

### STATEMENT OF ISSUE ON APPEAL

1. Did the ALJ err in finding that Danna was at fault for the overpayment of benefits?

2. Did the ALJ err in failing to find that the recovery of the overpayment of benefits from Danna would be against equity and good conscience, or that recovery would not defeat the purpose of Title II?

3. Did the ALJ err when he failed to find that the amount of the alleged overpayment was a lesser amount than $109,894.60?

### THE COMMISSIONER'S FINDINGS RELEVANT TO ISSUES ON APPEAL

The ALJ made the following findings relevant to the issues on appeal:

1. Danna was overpaid benefits in the amount of $109,894.60 based on work performed at the level of substantial gainful activity beginning in October of 1998.

2. Danna was not without fault in causing the overpayment as he should have known or should reasonably have been expected to know of the impact his work activity would have on his receipt of Social Security benefits.

3. Recovery of the overpayment cannot be waived.

R. 20.

# ANALYSIS

a. **Standard of Review.**

The function of this court on judicial review is limited to determining whether there is substantial evidence in the record to support the final decision of the Commissioner as trier of fact and whether the Commissioner applied the appropriate legal standards in evaluating the evidence. Perez v. Barnhart, 415 F.3d 457, 461 (5th Cir. 2005); Newton v. Apfel, 209 F.3d 448, 452 (5th Cir. 2000). Substantial evidence is more than a scintilla but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427 (1971); Perez, 415 F.3d at 461. Alternatively, substantial evidence may be described as that quantum of relevant evidence that a reasonable mind might accept as adequate to support a conclusion. Carey v. Apfel, 230 F.3d 131, 135 (5th Cir. 2000). This court may not re-weigh the evidence, try the issues *de novo* or substitute its judgment for the Commissioner's. Perez, 415 F.3d at 461; Selders v. Sullivan, 914 F.2d 614, 617 (5th Cir. 1990).

The administrative law judge is entitled to make any finding that is supported by substantial evidence, regardless of whether other conclusions are also permissible. See Arkansas v. Oklahoma, 503 U.S. 91, 113, 112 S.Ct. 1046, 1060 (1992). Despite this court's limited function, it must scrutinize the record in its entirety to determine the reasonableness of the decision reached and whether substantial evidence exists to support it. Villa, 895 F.2d at 1022; Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988). Any findings of fact by the Commissioner that are supported by substantial evidence are conclusive. Ripley v. Chater, 67 F.3d 552, 555 (5th Cir. 1995).

Waiver of recovery of an overpayment of Title II benefits is granted only when a claimant is "without fault" in causing the overpayment, and when recovery would be against equity and good conscience. 42 U.S.C. §404 (b); 20 C.F.R. §404.506(a); and Austin v. Shalala, 994 F.2d 1170, 1173 (5th Cir. 1993). The burden of proof as to the "fault" issue rests with the claimant. Rini v. Harris, 615 F.2d 625, 627 (5th Cir. 1980).

The regulations allow for waiver of recovery of overpayment in certain instances. Specifically, the regulations dictate that there shall be no adjustment or recovery in any case where (1) an overpayment has been made to an individual who is without fault, and (2) when "adjustment or recovery would either defeat the purpose of . . . the Act, or be against equity and good conscience." 20 C.F.R. § 404.506(a). When both prongs of this test are met, recovery of the overpaid benefits is waived. Id. If a claimant is not without fault, the ALJ need not consider whether recovery of the overpayments would defeat the purpose of Title II or would be against equity and good conscience, since those factors come into play only if the recipient is without fault. Chlieb v. Heckler, 777 F.2d 842, 846 (2nd Cir. 1985).

b. **Testimony at the Hearing.**

Danna's attorney acknowledged that there was an overpayment and contended it was $61,650.00. R. 128. He reported that: (1) Danna spoke to a representative of the Commissioner on one occasion in April 2003 and informed the representative that he was working; (2) Danna did not know the name of the representative; and (3) Danna was told that there was no limit on the amount that he could earn. R. 129-130.

Danna testified that he spoke to the representative in person. R. 130. The representative was at a Social Security office in a New Orleans East in a shopping center. R. 131. Danna spoke to the

4

representative when he was delivering a subpoena on his first day back with the Civil Sheriff. R. 131. He explained to her that he was disabled and was under a doctor's care. She replied that there was no limitation on his earnings as long as he was disabled. R. 132. Danna did not ask for anything in writing from the representative. R. 134-35. There was no one with him when he spoke to the representative. R. 140. He did not learn that he owed money to the Commissioner until July 2007. R. 132-33. He was shocked when the Commissioner notified him that he owed money. R. 135. He made no attempt to hide from the SSA his income from the Civil Sheriff. R. 135-36.

The ALJ noted that the record reflected that Danna would start working, stop working, start working and stop working. He did not communicate to the Commissioner the amount of income and the position each time he started working. R. 136-37. The attorney for Danna described the periods when Danna worked from January 1998 through the hearing on January 8, 2009. R. 138.

The attorney contended that based on Danna's current bills, he did not have the means to repay an overpayment. R. 140-41. Danna reported that he had expenses of $4,500 per month and income of $1,600.00 per month. R. 141. His expenses included a payment of $413.00 per month to the SBA as a loan repayment. R. 142. At the conclusion of the hearing, Danna's counsel offered $5,000.00 to settle the Commissioner's claim. R. 143.

d. **Plaintiff's Appeal.**

**Issue no.1**. Did the ALJ err in finding that Danna was at fault for the overpayment of benefits?

Danna contends that: (1) pursuant to 20 C.F.R. 404.510(a), there was an "entitlement overpayment;" (2) where an individual accepts an overpayment because of reliance on erroneous information from an official SSA source, the individual is deemed to be without fault; (3) the resolution of the fault determination turns on the subjective reasonableness of the individual's

action; (4) he spoke to person in authority at a SSA field office who told him that his employment would not affect his entitlement to disability benefits; (5) he reasonably relied on this information; and (6) the ALJ erred in finding him at fault. Danna contends that the ALJ failed to follow the proper legal standard and the finding is not supported by substantial evidence.

The Commissioner contends that: (1) Danna's report of the communication with an individual at the SSA office is unverifiable; (2) Danna presented no evidence of any attempt to find the SSA representative who told him that employment would not affect his entitlement to disability benefits; (3) all SSA employees who process claims are trained in the five step sequential evaluation process; (4) the first step is to determine whether a claimant is currently employed because a claimant performing substantial gainful activity cannot be eligible for benefits; and (5) considering the frequent use of the sequential evaluation process, it was unlikely that a SSA employee would convey to Danna that there was no limit on the amount of earnings that he could make.

The ALJ found that there was insufficient evidence to support Danna's assertion that he relied in good faith upon the advice of an SSA employee. The ALJ found it implausible that he was told that there were no limits on what he could earn if he were disabled. The ALJ noted the absence of any provision in the Social Security Act or Regulations to corroborate such a statement. The ALJ found that Danna presented no persuasive evidence that he was ever told that there were no limits on what he could earn if he was disabled.

The Court is required to determine whether the Commissioner applied the appropriate legal standards in evaluating the evidence. Perez, 415 F.3d at 461. In Jefferson v. Bowen, 794 F.2d 631 (11th Cir.1986), the Eleventh Circuit stated:

> The determination of when a recipient is without fault is based on subjective criteria including the recipient's age, intelligence, education, and physical and mental

> condition. The decision which must be reached in a fault determination is highly subjective, highly dependent on the interaction between the intentions and state of mind of the claimant and the peculiar circumstances of his situation.

Id. at 633 (citations, brackets and quotation marks omitted). Danna argues that the ALJ failed to follow the proper legal standard, because he reasonably relied upon the information given to him by the SSA representative. In Jefferson, there was no dispute as to the information provided to the recipient of the overpayment by the SSA representative. Danna's argument concerning the application of the proper standard presupposes that the SSA representative told him that there were no limits on what he could earn if he was disabled.

The ALJ found that there was no communication with a SSA representative in which Danna was told that there was no limit on what he could earn if he was disabled. The issue is whether there is substantial evidence to support this finding. At the time of the alleged conversation, Danna was working for the Civil Sheriff and was at the SSA office to serve a subpoena. He could only recall that the SSA office was located in a shopping center in New Orleans East. R. 131. Danna said he asked for the supervisor in charge and a lady came and spoke to him. R. 131. He did not ask for any documentation that would demonstrate that he could earn an unlimited amount while he was receiving disability benefits. R. 134. He presented no evidence that he attempted to track down this SSA representative. The Commissioner noted that it was unlikely that such a communication occurred because there is no support for the alleged statement in the law or regulations and it is contrary to the first step of the sequential evaluation procedure. Danna has no evidence to corroborate the alleged communication. R. 135. There is substantial evidence to support the ALJ's finding that Danna was not without fault.

**Issue no. 2.** Did the ALJ err in failing to find that the recovery of the overpayment of benefits from Danna would be against equity and good conscience, or that recovery would not defeat the purpose of Title II?

Danna contends that the ALJ erred in failing to find that recovery of the overpayment from him would be against equity and good conscience. Because there was no finding that Danna was without fault, the ALJ determined that he was not required to consider whether recovery of the overpayment would be against equity and good conscience. R. 19.

> In any case in which more than the correct amount of payment has been made, there shall be no adjustment of payments to, or recovery by the United States from, any person who is without fault if such adjustment or recovery would defeat the purpose of this subchapter or would be against equity and good conscience.

42 U.S.C. §404(b). Under Section 404 the issue of whether a recovery would be against equity and good conscience is only considered where the claimant is without fault. Chlieb, 777 F.2d at 846. The ALJ did not err when he did not address Danna's ability to repay.

**Issue no. 3.** Did the ALJ err when he failed to find that the amount of the alleged overpayment was a lesser amount than $108,894.60?

At the hearing Danna contended that the amount of the overpayment was $61,650.00. The ALJ found that Danna was overpaid benefits in the amount of $109,894.60. R. 20. Danna contends that the ALJ failed to address the issue of whether the amount of the overpayment should be reduced. He seeks an order requiring an accounting by the SSA to determine the exact amount due.

The letter stating that Danna was overpaid $124,559.10 was sent on September 10, 2007. R. 67-70. By May 14, 2008, the Commissioner reduced the amount of the overpayment to $109,894.60. R. 87-88. The hearing before the ALJ was not until January 8, 2009. R. 124-144. Although Danna contends that the amount the overpayment was only $61,650.00, he presented no

8

evidence to support this lower amount. The Commissioner contends that there was ample time for Danna to secure bank records or meet with SSA representatives to review the calculation of the overpayment. There was substantial evidence for the ALJ's finding that the amount of the overpayment was $109,894.60.

## RECOMMENDATION

Accordingly, IT IS RECOMMENDED that the Commissioner's cross-motion for summary judgment (Rec. doc. 20) be granted and Danna's motion for summary judgment (Rec. doc. 17) is denied.

## OBJECTIONS

A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's report and recommendation within fourteen (14) calendar days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 8th day of March, 2012.

_____
**SALLY SHUSHAN**
**United States Magistrate Judge**